1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HEATH,              ) | 1:07-CV-01836 OWW GSA HC |
|                             ) | |
| Petitioner,      ) | FINDINGS AND RECOMMENDATION |
|                             ) | REGARDING PETITION FOR WRIT OF |
| v.                          ) | HABEAS CORPUS PURSUANT TO 28 |
|                             ) | U.S.C. § 2241 |
|                             ) | |
| NEIL ADLER, et al.,         ) | |
|                             ) | |
| Respondents.      ) | |
| _____) | |

        Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2241.

        Petitioner is challenging his 2007 conviction in the United States District Court for the
Eastern District of Michigan.  Petitioner is in the custody of the Bureau of Prisons at the Taft
Correctional Institution located in Taft, California.

        On December 17, 2007, Petitioner filed the instant petition for writ of habeas corpus.

## DISCUSSION

        A federal prisoner who wishes to challenge the validity or constitutionality of his conviction
or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28
U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);  Thompson v. Smith, 719

1   F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman,

2   643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, *only the sentencing court has jurisdiction*.

3   Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal conviction or sentence by

4   way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.   Grady v. United States,

5   929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616

6   F.2d 840, 842 (5th Cir.1980).

7          In contrast, a federal prisoner challenging the manner, location, or conditions of that

8   sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

9   Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175,

10  177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United

11  States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd

12  Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United

13  States, 610 F.2d 672, 677 (9th Cir. 1990).

14         A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he

15  can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of

16  his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  Although

17  there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the

18  Ninth Circuit has recognized that it is a very narrow exception. Id; Holland v. Pontesso, 234 F.3d

19  1277 (9th Cir. 2000) (Section 2255 not inadequate or ineffective because Petitioner misses statute of

20  limitations);  Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (Dismissal of a successive motion

21  attacking sentence did not render such motion procedure an ineffective or inadequate remedy, so as

22  to authorize federal prisoner to seek habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's

23  denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at

24  1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition

25  inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582

26  (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural

27  requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

28  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v.

U.S. District Court
E. D. California          cd                                    2

United States, 315 F.2d 76, 83 (9th Cir. 1963).

In this case, Petitioner challenges the underlying conviction. He claims the District Court was without jurisdiction to render a conviction against his person. Because he is alleging error in his conviction, and not error in the administration of his sentence, the Court finds that Petitioner is not entitled to relief under § 2241, and his petition should be dismissed. In addition, Petitioner makes no claim that § 2255 is inadequate or ineffective. Should the Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate or set aside pursuant to 28 U.S.C. § 2255.[1] The petition must be dismissed.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 8, 2008**                          **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner challenges his conviction in the U.S. District Court for the Eastern  District of Michigan.